IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aryee Henderson, a/k/a Aryee Henderson #59105,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Warden Shane Jackson,<br><br>　　　　　Respondent. | C/A No. 4:23-cv-3458-SAL<br><br><br><br>**ORDER** |

　　　　Petitioner, Aryee Henderson, initiated this action in July 2023 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Currently pending before the court are Respondent's motion for summary judgment and a number of other motions, but, as outlined below, this case has not proceeded in an ordinary fashion. Out of an abundance of caution, and to ensure the court gives Petitioner's claims the appropriate analysis under 28 U.S.C. § 2254, the court finds it appropriate to dismiss Respondent's motion with leave to refile.

　　　　On December 14, 2023, Respondent filed a return and motion for summary judgment. [ECF Nos. 28, 29.] The next day the court issued a *Roseboro* order explaining the summary judgment procedure to Petitioner and directing him to file his response within 31 days. [ECF No. 30.] On January 16, 2024, the court received a motion for an extension of time from Petitioner where he asked for 30 additional days to file his response. [ECF No. 35.] The court granted the motion and directed Petitioner to file his response on or before February 15, 2024. [ECF No. 36.] Petitioner did not do so.

　　　　On February 29, 2024, the magistrate judge issued a Report and Recommendation recommending that Respondent's motion for summary judgment be granted and all outstanding

1

motions be deemed moot. [ECF No. 39.] Attached to the Report was a notice advising Petitioner that he had a right to file objections to the Report and that any objections should be filed within 14 days of service. [ECF No. 39-1.]

Later that day, the court received Petitioner's response in opposition to the motion for summary judgment and a motion for an extension of time, in which Petitioner explained that his facility had been on lockdown and, as a result, he was prevented from filing his response any earlier. [ECF Nos. 41, 42.] On March 7, 2024, Respondent, unsure of how to proceed with the responsive pleading filed the same day as the Report, sought guidance as to whether to file a reply to Petitioner's response in opposition. [ECF No. 43.] Then, on March 22, 2024, the court received Petitioner's objections to the Report. [ECF No. 44.] On April 5, 2024, Respondent filed a motion for an extension of time, asking that his deadline to respond to Petitioner's objections run from the day the court decides whether to allow the missed deadlines to stand. [ECF No. 46.]

The court has reviewed the parties' filings in this case but finds it difficult to properly analyze Petitioner's habeas claims where these filings are out of order and, as a result, not necessarily responsive to one another. Additionally, having reviewed the substance of the parties' briefs, the court seeks further clarification on whether Petitioner's § 2254 grounds were raised to and ruled upon by the state courts and are properly preserved for habeas review—the parties' briefing is inconsistent on that issue. For the remainder of this case, Petitioner is directed that he should make every effort to comply with the filing deadlines set by the court.

For all of the reasons above and out of an abundance of caution, the court **DISMISSES** Respondent's motion for summary judgment [ECF No. 29] **with leave to refile** to provide the clarification discussed herein. Respondent is directed to file any amended motion for summary judgment within 21 days of the date of this order. This order renders the Report and the other

2

outstanding motions in this case [ECF Nos. 39, 41, 46] **MOOT**. This matter is referred to the magistrate judge for preliminary matters.

    **IT IS SO ORDERED.**

June 28, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge